IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CODING TECHNOLOGIES, LLC,** | |
| Plaintiff, | C.A. No. 4:17-cv-02781 |
| v. | PATENT CASE |
| **LEXICON PHARMACEUTICALS, INC.,** | JURY TRIAL DEMANDED |
| Defendant. | |

**LEXICON PHARMACEUTICALS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Lexicon Pharmaceuticals, Inc. ("Lexicon" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Coding Technologies, LLC's ("Plaintiff" or "Coding Technologies") Complaint ("Complaint"). Lexicon denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES AND JURISDICTION**

1.  Lexicon admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and that Plaintiff seeks damages and injunctive relief, but Lexicon denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Lexicon

---

[1] For avoidance of doubt, Lexicon denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

denies any remaining allegations in Paragraph 1 of the Complaint.

2.     Lexicon admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but Lexicon denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Lexicon denies any remaining allegations in Paragraph 2 of the Complaint.

3.     Lexicon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.     Lexicon admits the allegations in Paragraph 4 of the Complaint.

5.     Lexicon does not contest whether personal jurisdiction over it properly lies in this District in this case, or that it conducts business in the State of Texas. Lexicon denies it has committed or is committing acts of infringement within the State of Texas or in this District and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6.     Lexicon denies it has committed or is committing acts of infringement within the State of Texas or in this District and, on that basis, denies the allegations of Paragraph 6 of the Complaint.

## VENUE

7.     Lexicon admits that it has a place of business located at 8800 Technology Forest Place, The Woodlands, TX 77381 and that venue may be proper in this district in this case. Lexicon denies that it has committed or is committing acts of infringement

within the State of Texas or in this District and, on that basis, denies any remaining allegations in Paragraph 7 of the Complaint.

## COUNT I
## ([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,540,159)

8. Lexicon incorporates by reference each of its responses set forth in Paragraphs 1–7 above as if fully set forth herein.

9. Lexicon admits that the cause of action asserted in the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, but Lexicon denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Lexicon denies any remaining allegations in Paragraph 9 of the Complaint.

10. Lexicon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 concerning the "ownership by assignment" of U.S. Patent No. 8,540,159 (the "'159 Patent") or whether Plaintiff has the "sole rights to enforce the '159 Patent and sue infringers" and, on that basis, denies all such allegations. Lexicon denies any remaining allegations in Paragraph 10 of the Complaint.

11. Lexicon admits that a purported copy of the '159 Patent is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "Method for Providing Mobile Service Using Code-pattern." Lexicon denies any remaining allegations in Paragraph 11 of the Complaint.

12. Lexicon denies the allegations in Paragraph 12 of the Complaint.

13. Lexicon denies the allegations in Paragraph 13 of the Complaint.

14. Lexicon admits that a Quick Response (QR) code has appeared on the Sotagliflozin pamphlet. Lexicon denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 14 of the Complaint.

15. Lexicon denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 15 of the Complaint.

16. Lexicon denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 16 of the Complaint.

17. Lexicon denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 17 of the Complaint.

18. Lexicon denies the allegations in Paragraph 18 of the Complaint.

19. Lexicon denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 19 of the Complaint.

20. Lexicon denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 20 of the Complaint.

21. Lexicon denies the allegations in Paragraph 21 of the Complaint.

22. Lexicon denies that it has committed or is committing acts of infringement

in this district or elsewhere and, on that basis, denies the allegations in Paragraph 22 of the Complaint.

23. Lexicon denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 23 of the Complaint.

24. Lexicon denies the allegations in Paragraph 24 of the Complaint.

25. Lexicon denies the allegations in Paragraph 25 of the Complaint.

26. Lexicon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Lexicon denies the Plaintiff is entitled to any relief from Lexicon and denies all the allegations contained in Paragraphs (a)-(e) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Lexicon's Affirmative Defenses are listed below. Lexicon reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Lexicon has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '159 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '159 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '159 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Lexicon's actions allegedly infringe the '159 Patent, Lexicon is not liable to Plaintiff for the acts alleged to have been performed before Lexicon received actual notice that it was allegedly infringing the '159 Patent.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Lexicon indirectly infringes, either by contributory infringement or inducement of infringement, Lexicon is not liable to Plaintiff for the acts alleged to have been performed before Lexicon knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the '159 Patent against Lexicon is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The claims of the '159 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Lexicon.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '159 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by Lexicon: (1) "extract[s] the code pattern from the photographic image" and/or "transmit[s] a content information request message to a server based on the code information" as required by claims 1, 8, and 15 of the '159 Patent.

## LEXICON'S COUNTERCLAIMS

For its counterclaims against Plaintiff Coding Technologies, LLC ("Coding Technologies"), Counterclaim Plaintiff Lexicon Pharmaceuticals, Inc. ("Lexicon"), alleges as follows:

## PARTIES

1. Counterclaim Plaintiff Lexicon is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 8800 Technology Forest Place, The Woodlands, TX 77381.

2. Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Coding Technologies, LLC, is a limited liability company organized and existing under the laws of the State of Texas and maintains its principle place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

## JURISDICTION

3. Lexicon incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Coding Technologies has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Coding Technologies' filing of this action, venue is proper for purposes of these counterclaims, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

7. Lexicon incorporates by reference Paragraphs 1–6 above.

8. Based on Coding Technologies' filing of this action and at least Lexicon's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Lexicon infringes U.S. Patent No. 8,540,159 (the "'159 Patent").

9. Lexicon does not infringe at least claims 1, 8, and 15 of the '159 Patent

because, *inter alia*, the accused system does not "extract the code pattern from the photographic image" or "transmit[] a content information request message to a server based on the code information."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Lexicon requests a declaration by the Court that Lexicon has not infringed and does not infringe any claim of the '159 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11. Lexicon incorporates by reference Paragraphs 1–10 above.

12. Based on Coding Technologies' filing of this action and at least Lexicon's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '159 Patent.

13. The asserted claims of the '159 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,726,435, 5,691,527, 5,616,905, 4,984,073, 6,886,750, and/or 4,841,132.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Lexicon requests a declaration by the Court that the claims of the '159 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Lexicon asks this Court to enter judgment in Lexicon's favor and against Coding Technologies by granting the following relief:

a) a declaration that the '159 Patent is invalid;

b) a declaration that Lexicon does not infringe, under any theory, any valid claim of the '159 Patent that may be enforceable;

c) a declaration that Coding Technologies take nothing by its Complaint;

d) judgment against Coding Technologies and in favor of Lexicon;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Lexicon of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Lexicon hereby demands trial by jury on all issues.

Dated:  November 30, 2017

Respectfully submitted,

FISH & RICHARDSON P.C.


By: */s/ Ricardo J. Bonilla*
Neil J. McNabnay (29774)
mcnabnay@fr.com
Texas Bar No. 24002583
Ricardo J. Bonilla (2917331)
Attorney in Charge
rbonilla@fr.com
Texas Bar No. 24082704
Theresa M. Dawson (*pro hac vice*)
tdawson@fr.com
Texas Bar No. 24065128

1717 Main Street, Suite 5000
Dallas, Texas  75201
(214) 747-5070 - Telephone
(214) 747-2091 - Facsimile

**COUNSEL FOR DEFENDANT
LEXICON PHARMACEUTICALS, INC.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 30, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.3.

*/s/ Ricardo J. Bonilla*
Ricardo J. Bonilla